IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GreenHouse International, LLC<br><br>Plaintiff,<br><br>v.<br><br>Moulton Logistics Management, Inc.<br><br>Defendant. | C.A. No. 1:07-cv-00722-GMS-LPS<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO ENJOIN DEFENDANT
## FROM PROCEEDING WITH SECOND FILED PETITION IN ANOTHER JURISDICTION

Through counsel and pursuant to Rule 65 of the Federal Rules of Civil Procedure and well-recognized principles of comity, plaintiff GreenHouse International, LLC ("Plaintiff") files this motion to enjoin defendant Moulton Logistics Management, Inc. ("Defendant") from proceeding with its later filed petition in California Superior Court. As cause therefore, Plaintiff submits the accompanying brief and exhibit in support of this motion and in opposition to Defendant's motion to stay (D.I. 5).

WHEREFORE, Plaintiff respectfully request that the Court grant its Motion to Enjoin Defendant From Proceeding With Second Filed Petition In Another Jurisdiction.

DATE: January 22, 2008

WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC

*/s/ James M. Lennon*
George Pazuniak (#478)
James M. Lennon (# 4570)
Anna Martina Tyreus (# 4771)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

*Attorneys for plaintiff GreenHouse International, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**


CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, copies of the foregoing motion, brief and exhibit were electronically filed with the Clerk of the Court using CM/ECF and served on the following in the manner indicated :

> VIA EMAIL AND HAND DELIVERY
> Joseph James Bellew
> Cozen & O'Connor
> Chase Manhattan Centre
> 1201 North Market St., Suite 1400
> Wilmington, DE 19801

This 22nd day of January, 2008.

   /s/ *James M. Lennon*
   James M. Lennon (DE # 4570)


WCSR  3812195v2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GreenHouse International, LLC<br><br>Plaintiff,<br><br>v.<br><br>Moulton Logistics Management, Inc.<br><br>Defendant. | C.A. No. 1:07-cv-00722-GMS-LPS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S COMBINED BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO STAY
AND
<u>IN SUPPORT OF PLAINTIFF'S MOTION TO ENJOIN</u>**

Dated: January 22, 2008

WOMBLE CARLYLE SANDRIDGE
 & RICE, PLLC

**George Pazuniak (#478)
James M. Lennon (# 4570)
Anna Martina Tyreus (# 4771)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801**

**Attorneys for** *Plaintiff*

## **TABLE OF CONTENTS**

Page

NATURE AND STAGE OF THE PROCEEDING ................................................................... 1

SUMMARY OF THE ARGUMENT ......................................................................................... 1

STATEMENT OF FACTS .......................................................................................................... 3

    A.    The Parties ............................................................................................................... 3

    B.    The Database .......................................................................................................... 3

    C.    The Arbitration Clause ........................................................................................... 5

ARGUMENT .............................................................................................................................. 6

    I.    The Court Should Enjoin the California Petition .................................................. 6

    II.    Equitable Claims Exempt The Entire Controversy From Arbitration ................... 8

        A.    The Exemption Language Is Unambiguous ............................................... 8

        B.    The Rationale For The Exemption Makes Sense ....................................... 9

    III.    Contrary To Moulton's Assertion, GreenHouse Is Entitled To Injunctive Relief .......... 9

        A.    Moulton Fails To Acknowledge The Immediate Harm GreenHouse Suffers ................ 9

        B.    Moulton's Refusal To Provide The Database Is Not Justified ................................... 10

        C.    Moulton's Cited Authority Does Not Support Its Position.......................................... 10

CONCLUSION ......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                         Page

*Alabama v. U.S. Army Corps of Eng'rs*,
    424 F.3d 1117, 1132 (11th Cir.2005) ............................................................................ 6

*BAE Systems Aircraft Controls, Inc.* v. *Eclipse Aviation Corp.*,
    224 F.R.D. 581 (D. Del. 2004) ..................................................................................... 11

*Grider v. Keystone Health Plan Cent., Inc.*,
    500 F.3d 322, 328 (3rd Cir. 2007) .................................................................................. 6

*Harris v. Green Tree Fin. Corp.*,
    183 F.3d 173, 178 (3d Cir. 1999) ................................................................................... 8

*In re Diet Drugs Products Liability Litigation I*,
    282 F.3d 220, 234 (3d Cir.2002) .................................................................................... 6

*ITT Cmty. Dev. Corp. v. Barton*,
    569 F.2d 1351, 1358 (5th Cir.1978) ............................................................................... 6

*Kline v. Burke Const. Co.*,
    260 U.S. 226, 229 (1922) ............................................................................................... 7

*Winkler v. Eli Lilly & Co.*,
    101 F.3d 1196, 1202 (7th Cir.1996) ............................................................................... 6

**Statutes**

9 U.S.C. § 4 ............................................................................................................................ 7

15 U.S.C. § 1125(a) .............................................................................................................. 1

28 U.S.C. § 1651(a) .............................................................................................................. 6

28 U.S.C. § 2283 ................................................................................................................... 6

6 Del. C. § 2532(a) ............................................................................................................... 1

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff GreenHouse International, LLC ("'GreenHouse") filed this action on November 9, 2007 (D.I. 1), asserting twelve (12) counts against Defendant Moulton Logistics Management, Inc. ("Moulton"), including misappropriation of trade secrets, replevin, conversion, tortious interference, deceptive and unfair trade practices under 15 U.S.C. § 1125(a) and 6 Del. C. § 2532(a), and various breach of contract claims.

Moulton requested, and GreenHouse agreed to two requests that extended for a month Moulton's time to respond to the Complaint, until January 7, 2008. During that time, Moulton, on December 18, 2007, filed a "Petition to Compel Binding Arbitration in the Superior Court of California, in and for Los Angeles County" ("California Petition"). (D.I. 6-3). Moulton asked the California court to decide the same question of arbitrability it raised with this Court in its pending motion to stay. The hearing on Moulton's Petition to Compel is currently scheduled for February 20, 2008. (D.I. 4 at ¶ 6).

The two motions currently pending before this Court are: (1) Moulton's motion to stay this action; and (2) GreenHouse's motion to enjoin Moulton from pursuing its later filed California Petition which would otherwise subvert this Court's jurisdiction, cause judicial waste, and possibly create conflicting judicial determinations on the question of arbitrability.

This is GreenHouse's brief in support of its motion to enjoin and in opposition to Moulton's motion to stay.

## SUMMARY OF THE ARGUMENT

I.  Under the All Writs Act, and in consideration of rules of comity and the judicial economy, this Court should enjoin Moulton from further pursuing the California Petition. This action was filed before the California Petition, and there are no

1

questions or remedies that cannot be addressed by this Court or that otherwise necessitate the assistance of the California court. This Court should preclude Moulton from pursuing the California Petition, because the California Petition constitutes an impermissible interference with the jurisdiction of this Court.

II. The literal language and intended meaning of the arbitration clause is to exclude the entire arbitration mandate when a party seeks injunctive relief or specific performance. Because GreenHouse seeks such remedies in this action, the arbitration clause is not triggered. The exemption language is unambiguously directed to *when* the exception applies, not *to what* is excepted. The rationale for this broad exemption makes sense. The parties did not want a controversy that necessitates the assistance of a court to proceed in both the court and in arbitration.

III. Contrary to Moulton's assertion, GreenHouse is entitled to injunctive relief. GreenHouse is suffering immediate harm from its inability to access customer information. Moulton's refusal to provide GreenHouse access to this information was never and still is not justified. Moulton wants this Court to summarily determine that no injunctive relief is appropriate based on Moulton's misguided and one-sided interpretation of the events that lead to this dispute, yet Moulton's recitation withholds key facts that show why Moulton is playing this obstructionist role.

## STATEMENT OF FACTS

A.  The Parties

GreenHouse filed this Complaint after repeated unsuccessful efforts by GreenHouse to address and resolve the issues outlined in the Complaint. (Declaration of John Bialecki, Exhibit A, hereinafter "Ex. A", ¶ 21).

GreenHouse is a Delaware company that researches, develops and markets unique and highly effective consumer products in the health and fitness industry, including the Bean®, one of the post popular fitness products sold through direct response advertising. (Ex. A, ¶ 3). GreenHouse's products are sold through various retail establishments, including Wal-Mart, JC Penney, Target, QVC and Dicks Sporting Goods. (Ex. A, ¶ 4). GreenHouse also markets and attempts to sell its product through direct response marketing efforts. *Id*. These efforts include infomercials, radio advertisements and print advertisements. *Id*.

Moulton, a California company, provides logistical and fulfillment services to its customers throughout the world. (D.I. 6, p. 3).

The breach of contract claims stem from a Fulfillment Services Agreement ("Agreement"), effective July 1, 2006. (D.I. 6-2; Ex. A, ¶¶ 5, 22). The Agreement was drafted entirely by Moulton. (Ex. A, ¶ 5).

B.  The Database

The Agreement governed Moulton's provision of services to GreenHouse in the area of logistics and inventory management, including order processing and information management. (Ex. A, ¶ 6). The Agreement also specified that Moulton would support online access to an inventory database via an internet connection from GreenHouse's location. (Ex. A, ¶ 7). This database of customer information (hereinafter "Database") includes a compilation, in electronic format, of all of GreenHouse's customer and sales information,

3

including "Order Comments". (Ex. A, ¶ 8). Under the Agreement, the Database was GreenHouse's property which would be hosted and maintained by Moulton with full access provided to GreenHouse. (Ex. A, ¶ 9).

In the course of performance of the Agreement all payment and account balance disputes between the parties were worked out in good faith. (Ex. A, ¶ 10). This course of performance changed after May 21, 2007, when GreenHouse advised Moulton in writing of its intention to terminate the agreement for cause effective July 31, 2007, because of Moulton's poor performance. (Ex. A, ¶ 11). The problems identified by GreenHouse included, *inter alia*, Moulton's failure to resolve wholesale sales charge-backs, and deficient and unsatisfactory customer service performance. (Ex. A, ¶ 12). GreenHouse further advised Moulton that Accretive Commerce, Inc. ("Accretive"), one of Moulton's main competitors, would provide future fulfillment services to GreenHouse, and requested Moulton to transition GreenHouse's information to Accretive, as provided by the Agreement. (Ex. A, ¶ 13).

As of July 6, 2007, Moulton refused GreenHouse full access to its Database, and has refused to transition to GreenHouse or Accretive essential portions of the Database. (Ex. A, ¶ 14).

As a result, GreenHouse has been unable to respond to customer inquiries, customers have cancelled pending purchases of GreenHouse's products, governmental entities have filed complaints against GreenHouse, and GreenHouse is unable to determine why certain products were returned, what the customer is requesting (*i.e.* a refund or a replacement unit), and in numerous instances the identification of the customer who returned the product. (Ex. A, ¶ 15).

Moulton's unfounded claims of ownership of the Database also raise concerns that Moulton could sell or otherwise disclose sensitive customer information in the Database, which could further harm GreenHouse's standing and reputation with its customers and provide an improper advantage to GreenHouse's competitors. (Ex. A, ¶ 20).

    C.    <u>The Arbitration Clause</u>

The Agreement includes an arbitration provision that exempts arbitration when injunctive relief and/or specific performance is sought. Specifically, the arbitration provision provides that:

> Any controversy or claim arising out of or related to this Agreement or breach thereof, <u>except ***when*** injunctive relief or specific performance is sought</u>, shall be settled by arbitration. The office of the American Arbitration Association will arbitrate said controversy or claim, with jurisdiction in Los Angeles, California. In the event that a dispute is submitted to arbitration, the arbitrator may award costs and reasonable attorney's fees to the prevailing party. The award of the arbitrator shall be of the same force and effect as a final, enforceable judgment of a court of competent jurisdiction.

(D.I. 6-2, ¶ 14(g)) (*emphasis added*).

The plain and literal meaning of the exemption language indicates *when* this clause, as a whole, is to be exempted, not *what* is to be exempted from this clause.

## ARGUMENT

**I.     The Court Should Enjoin the California Petition**

Moulton should be enjoined from further pursuing its California Petition to compel arbitration, because this action is the first filed action.

The All Writs Act, 28 U.S.C. § 1651(a), provides that

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"The All Writs Act confers on courts 'extraordinary powers' that are 'firmly circumscribed.'" *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 328 (3rd Cir. 2007) (*citing Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir.2005); *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1358 (5th Cir.1978)). The All Writs Act allows federal courts to enjoin action by state courts that threatens the federal court's jurisdiction. *Grider*, 500 F.3d at 328. This authority is tempered by the Anti-Injunction Act, which restricts injunctions to those "expressly authorized by Act of Congress, or where necessary in aid of [a federal court's] jurisdiction, or to protect or effectuate its judgments." *Id.* (*quoting* 28 U.S.C. § 2283). "An injunction may issue . . . where the state court action threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation." *In re Diet Drugs Products Liability Litigation I*, 282 F.3d 220, 234 (3d Cir.2002) (*quoting Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir.1996).

Moulton is effectively asking the California Superior Court to enjoin GreenHouse from continuing the action in this Court, and to arbitrate the substance of the matter presented here. Because GreenHouse had already previously filed the Complaint in this case, this Court has jurisdiction over the subject matter of the Complaint. Any order by another court to prevent

6

GreenHouse from continuing to present its case in this Court constitutes an interference with this court's jurisdiction. Therefore, the All-Writs Act is fully applicable.

The Anti-Injunction Act does not limit the court's prerogative here, because Moulton's California Petition "threatens to frustrate proceedings and disrupt the orderly resolution of the federal litigation." Indeed, one need refer only to the fact that Moulton has asked this Court to stay this case pending the same arbitration that is before the California state court. Now, both this Court and the California court have to determine whether the dispute is properly arbitrable in view of the specific language of the Agreement and the nature of this action for specific performance. Such duplicative actions create inefficiencies and a significant risk of inconsistent judicial determinations on the question of arbitrability. When such a potential conflict exists, this Court should exercise its authority under the All Writs Act to enjoin the later filed state court proceeding.

Additionally, the rules of comity dictate that the first filed action should proceed and the later filed action should be stayed. *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922) ("It is settled that where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be to defeat or impair the jurisdiction of the federal court.").

If the Agreement required arbitration, this Court could compel the arbitration. 9 U.S.C. § 4. There was simply no need for Moulton to invoke the aid of the California court to decide the question Moulton could and should have brought to this Court once this action was filed. In fact, Moulton's assertions under the Federal Arbitration Act are best addressed by a federal court, because, as Moulton itself acknowledges, "[f]ederal law determines whether an issue

7

governed by the FAA is referable to arbitration." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 178 (3d Cir. 1999). "Questions concerning the interpretation and construction of arbitration agreements are determined by reference to federal substantive law." *Id*. at 179.

### II.    Equitable Claims Exempt The Entire Controversy From Arbitration

#### A.  The Exemption Language Is Unambiguous

Section 14(g) of the Agreement excludes arbitration under the present circumstances. The section provides that:

> Any controversy or claim arising out of or related to this Agreement or breach thereof, except *when* injunctive relief or specific performance is sought, shall be settled by arbitration.

(D.I. 6-2, ¶ 14(g)) (*emphasis added*).

This provision does not exempt *claims* for injunctive relief or specific performance from arbitration, but rather exempts the entire controversy from arbitration *when* this type of relief is sought. This is not an ambiguity, which might otherwise give rise to a presumption favoring arbitration. To find ambiguity is to ignore the literal meaning of its words and their placement in this clause.

The use of the word "*when*" indicates the time at which the exception is triggered. It does not define the scope of the exception. It informs the reader when the clause applies, it does not limit what claims the clause applies to. If the parties had intended to exempt from arbitration only claims for specific performance or injunctive relief, than the exception language would read "except for claims in which injunctive relief or specific performance are sought." It does not. The clause is unambiguous and the breadth of the exception makes sense. The purpose of the exception is to avoid the inefficiency of trying different types of relief in different venues.

8

B. <u>The Rationale For The Exemption Makes Sense</u>

As Moulton repeatedly argues, the claims for which equitable relief is sought overlap with claims remedied at law. This likelihood of overlap is predictable and was well known to Moulton when it drafted the Agreement. This is why the exemption language does not carve out claims but chooses one venue for all claims depending on whether equitable relief is sought.

Moulton argues that this Court should exercise its discretion to stay this proceeding in favor of arbitration so as to avoid litigation of "the same underlying allegations and defenses before two tribunals – effectively eviscerating the benefits and efficiencies of adjudication through arbitration." (D.I. 6, p. 14). This statement by Moulton underscores the parties' rationale for exempting the entire controversy when injunctive relief is sought. Piecemeal resolution of the parties disputes in different fora does not just eviscerate the benefits and efficiencies of arbitration, it achieves the contrary result. Moulton sought to avoid this duplicity and inefficiency by drafting an arbitration clause that exempted the entire arbitration mandate when the form of relief sought pushed the controversy into the hands of the courts.

**III.    Contrary To Moulton's Assertion, GreenHouse Is Entitled To Injunctive Relief**

A. <u>Moulton Fails To Acknowledge The Immediate Harm GreenHouse Suffers</u>

GreenHouse's customers have cancelled purchases and GreenHouse cannot respond to customer inquiries as a result of Moulton's refusal to provide the Order Comments. Additionally, various complaints have been filed against GreenHouse because GreenHouse has been unable to respond to customer grievances. In sum, because GreenHouse has been unable to identify and effectively communicate with many of its customers, GreenHouse has lost sales and continues to suffer significant damage to its reputation.

Moulton's unfounded claims of ownership over the Database also raise concerns that

Moulton could sell or otherwise disclose sensitive customer information in the Database, which could further harm GreenHouse's standing and reputation with its customers and provide an improper advantage to GreenHouse's competitors.

In light of Moulton's repeated refusal to provide this information, absent GreenHouse's execution of a full release of all claims, GreenHouse had no choice but to file this litigation. GreenHouse hoped the filing of suit would motivate Moulton to promptly cooperate with GreenHouse's request for the remainder of the Database. Because of Moulton's continued refusal to provide this information, GreenHouse will be forced to file a preliminary injunction.

### B. Moulton's Refusal To Provide The Database Is Not Justified

Moulton tries to convince this Court, without evidentiary support, that GreenHouse is not entitled to injunctive relief or specific performance. Moulton argues that "the Agreement can be plausibly read and interpreted to permit the actions and alleged inactions placed at issue." Moulton is asking the Court to not only interpret the Agreement without further evidence, but to resolve all doubts about Moulton's proposed interpretation in Moulton's favor.

When the evidence is brought to bear, GreenHouse will demonstrate that Moulton's actions were not justified. Moulton's course of performance allowed flexibility in account practices. (Ex. A, ¶ 16). Moulton failed to allow a reasonable time for compliance with its demand to bring the accounts current. (Ex. A, ¶ 17). Moulton mislead GreenHouse regarding the nature of the compliance it sought. (Ex. A, ¶ 18). Additionally, the account issues stemmed from GreenHouse's dispute of charges and services that obligated Moulton to "work together" with GreenHouse "to resolve the dispute" according to Section 8 of the Agreement. (Ex A, ¶ 19; D.I. 6-2, ¶ 8)

### C. Moulton's Cited Authority Does Not Support Its Position

Moulton misleadingly frames the issue as whether the claims in dispute "arises from and

10

relates to the underlying agreement." This is not the question before the Court. The issue is what the parties intended to carve-out from the arbitration provision. The Agreement unambiguously states that "*when* injunctive relief or specific performance is sought" the entire arbitration mandate is exempted.

Moulton's reliance on *BAE Systems Aircraft Controls, Inc.* v. *Eclipse Aviation Corp.,* 224 F.R.D. 581 (D. Del. 2004), is misplaced. In *BAE Systems*, Judge Robinson merely determined, after the consideration of evidence, that certain documents at issue did not fit within the definition of "confidential information" at the center of a narrow exception to the parties' arbitration agreement. *Id*. at 585. The arbitration agreement in *BAE Systems* only "permit[ted] injunctive relief for the dissemination of confidential information." *Id*. By contrast, the injunctive relief exception here is not limited to a certain class of claims or type of controversy. Notably, the decision in *BAE Systems* did not ignore the parties intention to exclude the controversy from arbitration when injunctive relief is sought, as Moulton asks the Court to do now. Rather, the documents in *BAE Systems* were found not to be within the class of information governed by the injunctive relief remedy in the arbitration clause exception. *Id*. at 585-87.

Moulton wrongly suggests "the rationale embodied in the *BAE Systems* decision is equally applicable to the present action." (D.I. 6, p. 11). It is not. In *BAE Systems* the Court addressed the threshold question of arbitrability, not whether a breach occurred. *BAE Systems*, 224 F.R.D. at 585-87. Moulton wants this Court to summarily determine that no injunctive relief is appropriate based on Moulton's misguided and one-sided interpretation of the events that lead to this dispute. This is not the standard or stage for such a determination.

Ironically, Moulton is asking this Court on one hand to dig in and determine,

substantively, whether Moulton breached the Agreement or was justified in its actions so as to preclude GreenHouse from an injunctive remedy, and on the other hand to steer clear of these considerations so as to "preserve" Moulton's "right to arbitrate" (D.I. 6, p. 14). This contradiction underscores the problem of limiting the Court's reach in such controversies and reinforces the Agreement drafter's rationale for applying the equitable relief exception to the entire controversy.

## CONCLUSION

For the reasons stated herein, Plaintiff, GreenHouse International, Inc., respectfully requests that the Court to (1) enjoin Moulton from proceeding with its Petition to Compel Binding Arbitration in the Superior Court of California, in and for Los Angeles County; (2) deny Moulton's requested stay.

DATE: January 22, 2008             WOMBLE CARLYLE SANDRIDGE &
                                   RICE, PLLC

                                   */s/  James M. Lennon*
                                   George Pazuniak (#478)
                                   James M. Lennon (# 4570)
                                   Anna Martina Tyreus (# 4771)
                                   222 Delaware Avenue, Suite 1501
                                   Wilmington, DE 19801

                                   *Attorneys for Plaintiff,*
                                   *GreenHouse International, LLC*

12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, copies of the foregoing motion, brief and exhibit were electronically filed with the Clerk of the Court using CM/ECF and served on the following in the manner indicated :

>VIA EMAIL AND HAND DELIVERY
>Joseph James Bellew
>Cozen & O'Connor
>Chase Manhattan Centre
>1201 North Market St., Suite 1400
>Wilmington, DE 19801

This 22nd day of January, 2008.

>/s/  James M. Lennon
>James M. Lennon (DE # 4570)

WCSR  3819875v4