IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GREENHOUSE INTERNATIONAL, INC.    :
                                  :
            Plaintiff,            :
                                  :
      v.                          :        C.A. No. 07-722-GMS-LPS
                                  :
MOULTON LOGISTICS MANAGEMENT,     :
INC.,                             :
                                  :
            Defendant.            :


**DEFENDANTS' COMBINED REPLY BRIEF IN FURTHER
SUPPORT OF ITS MOTION TO STAY AND ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION TO ENJOIN**


Dated:  February 5, 2008                 Joseph J. Bellew (#4816)
                                         David A. Felice (#4090)
                                         Cozen O'Connor
                                         Chase Manhattan Centre
                                         1201 N. Market Street, Suite 1400
                                         Wilmington, DE  19801
                                         Telephone: (302) 295-2000
                                         Facsimile:  (302) 295-2013
                                           *Attorneys for Defendant*

## TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................................................i

TABLE OF AUTHORITIES .....................................................................................................ii

SUMMARY OF THE ARGUMENT ......................................................................................... 1

I.    PLAINTIFF'S RELIANCE ON THE ALL WRITS ACT IS
      MISPLACED AND NOT APPLICABLE TO THIS LITIGATION.................................. 2

      A.    There is No Federal Order or Judgment to Protect through
            the Application of the All Writs Act in this Federal Action ................................... 2

      B.    Plaintiff's Request for Injunctive Relief Fails to Satisfy
            the Requirements of the All Writs Act .................................................................. 3

II.   PLAINTIFF'S PRAYER FOR LIMITED INJUNCTIVE RELIEF DOES
      NOT EXEMPT THE ENTIRE COMPLAINT FROM THE AGREEMENT'S
      MANDATORY ARBITRATION PROVISION ................................................................ 7

      A.    Plaintiff's Replevin Claim Represents an Adequate Remedy at Law ................... 7

      B.    Plaintiff's Syntactical Analysis of the Arbitration is, at Best, Ambiguous ............ 8

III.  PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF
      PLACES FORM OVER SUBSTANCE .......................................................................... 9

      A.    Plaintiff's Request for Limited Injunctive Relief Lacks Merit............................ 10

      B.    The Agreement Contains Express Provisions Addressing
            Plaintiff's Prayer for Limited Injunctive Relief.................................................. 11

CONCLUSION......................................................................................................................... 14

# TABLE OF AUTHORITIES

## Cases

*BAE Systems Systems Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
    224 F.R.D. 581 (D. Del. 2004) ........................................................................... 10, 11

*Ever-Gotesco Resources and Holdings, Inc. v. Pricemart, Inc.*,
    192 F. Supp. 2d 1040 (S.D. Cal. 2002)................................................................. 8, 11

*Grider v. Keystone Health Plan Central, Inc.*,
    500 F.3d 322 (3rd Cir. 2007) ............................................................................... 3, 4

*In Re Baldwin*,
    770 F.2d 338 (2nd Cir. 1985)...................................................................................... 2

*In re Diet Drugs Product Liability Litigation*,
    283 F.3d 220 (3rd Cir. 2002) ...................................................................................... 4

*Kerr-McGhee Chemical, LLC v. Kemira Pigments Oy*,
    2003 WL 22299045 (D. Del. Oct. 7, 2003) ............................................................... 8

*Kline v. Burke Construction Company*,
    260 U.S. 226 (1992)................................................................................................... 5

*Palese v. Delaware State Lottery Office*,
    2006 WL 1875915 (Del. Ch. Jun. 29, 2006)........................................................... 12

*Winkler v. Eli Lilly & Co.*,
    101 F.3d 1196 (7th Cir. 1996) ................................................................................... 2

## Statutes

28 U.S.C. § 1631 ......................................................................................... passim

28 U.S.C. § 2283 ......................................................................................... passim

9 U.S.C. § 3 ....................................................................................................... 5

## SUMMARY OF THE ARGUMENT

I.     Plaintiff's reliance upon the All Writs Act is misplaced.  Generally, this statutory provision is applicable in litigation dealing with multi-party, multi-district litigation. This Court should ignore Plaintiff's argument concerning the applicability of the All Writs Act in so far as there is no federal order or judgment requiring protection under the All Writs Act.  Furthermore, the relief suggested or requested by the Plaintiff is precluded under the Anti-Injunction Act.

II.    Plaintiff's argument that its request for limited injunctive relief exempts its entire Complaint from the Agreement's mandatory arbitration is unfounded because: (i) Plaintiff's replevin claim represents an adequate remedy at law for any equitable claims related to the Database and (ii) Plaintiff's syntactical analysis of the arbitration provision is, at best, ambiguous.  Under established federal precedent, all ambiguity must be resolved in favor of arbitration.

III.   Plaintiff's request for limited injunctive relief is grounded in the parties' larger dispute concerning rights and obligations allegedly owed under the Agreement.  Accordingly, if Plaintiff's request for limited injunctive relief is not wholly discarded because there is an adequate remedy at law, it must, nonetheless, be stayed in favor of an adjudication of the parties' claims that are properly subject to resolution through arbitration.

## ARGUMENT

I.     **PLAINTIFF'S RELIANCE ON THE ALL WRITS ACT IS MISPLACED AND NOT APPLICABLE TO THIS LITIGATION**

     A.     **There is No Federal Order or Judgment to Protect through the Application of the All Writs Act in this Federal Action**

The California action to compel arbitration as set forth in the Fulfillment Services Agreement ("Agreement"), does not threaten to frustrate proceedings and disrupt the orderly resolution of federal litigation, nor does it threaten this Court's path to judgment. There is no federal order or judgment which requires the protection afforded by the All Writs Act. This is not a situation where the actions of Defendant in seeking to compel arbitration in California, disrupts a federal court's efforts to resolve complex litigation involving a substantial class of persons from multiple states. While this litigation is important to the parties, at its core it involves a dispute arising out of the Agreement, and does not possess the requisite attributes necessary for the application of the All Writs Act.

Defendant's California petition to compel arbitration does not even remotely threaten to impact a pending settlement, yet alone the settlement of a complex multi-district piece of litigation. The mere existence of a parallel lawsuit in a State Court that involves the same *in personam* cause of action does not provide sufficient grounds for an injunction against the state court action in favor of a federal action. See generally *In Re Baldwin*, 770 F.2d 338 (2nd Cir. 1985).

Like the All Writs Act, the Anti-Injunction Act is only applicable where it is necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case. *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196 (7th Cir. 1996). In *Lilly*, the Court acknowledged that the Anti-Injunction Act and the All Writs Act, in concert permitted a district court, under certain

circumstances, to issue an injunction which is necessary or appropriate to effectuate and prevent the frustration of orders that were previously issued. No orders have been issued in this matter. Moreover, the interaction of the All Writs Act and the Anti-Injunction Act has been historically applied in situations where complex multi-district litigation is involved and an order is appropriate to prevent specific abuses with the court's ability to manage its litigation effectively and responsibly. The matter *sub judice* is not a multi-district litigation case which would justify the imposition of the extraordinary measure of injunctive relief.

### B.    Plaintiff's Request for Injunctive Relief Fails to Satisfy the Requirements of the All Writs Act

Plaintiff's request to stay the California action fails to satisfy the requirements and intent of the All Writs Act. Defendant is in agreement that under the All Writs Act, federal courts are permitted to issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Nevertheless, the Plaintiff's reliance upon the same is misplaced. In *Grider v. Keystone Health Plan Central, Inc.*, 500 F.3d 322 (3rd Cir. 2007), the Court was required to "explore the limits of the All Writs Act ... as it relates to actions by one federal court that may effect those in a different federal court." *Id.* at 323.

*Grider* involved a dispute concerning the effect of the potential settlement of class action claims by various medical providers against Blue Cross, Blue Shield member companies pertaining to the appropriateness of reimbursements. The parties in *Grider* sought a preliminary injunction to prevent a Pennsylvania Blue Cross, Blue Shield member company from settling a portion of class claims in a Federal Court in Florida because the settlement would impact similar but not identical class claims pending in Federal Court in Pennsylvania. The United States District Court for the Eastern District of Pennsylvania entered an injunction under the All Writs

Act prohibiting the settlement or attempted settlement of the claims pending in the Southern District of Florida that would also impact claims in the Pennsylvania action.

The Third Circuit vacated the injunction indicating that "[t]ypically the All Writs Act has been used by federal courts to enjoin action by state courts that threatens the federal court's jurisdiction." *Grider* at p. 328. The Court further noted that the "Anti-Injunction Act restricts injunctions under the All Writs Act that may have the effect of staying a state court proceeding to those expressly authorized by Act of Congress or where necessary in aid of a federal court's jurisdiction or to protect or effectuate its judgments." *Id.* In reviewing when it was appropriate to uphold an injunction in this type of situation, the *Grider* Court acknowledged that such would only be done under narrow circumstances. Moreover, the fact that a state court action may risk some measure of inconvenience or duplication of litigation was not sufficient enough to impose the injunction.

In reviewing the history of the All Writs Act, the Third Circuit *In re Diet Drugs Product Liability Litigation*, 283 F.3d 220 (3rd Cir. 2002), indicated that the All Writs Act has been used to enjoin settlement efforts in another federal court where the prohibited activities in the other court threaten to undermine a pending settlement in the enjoining court. Litigants, however, will not be successful in obtaining an injunction under the All Writs Act in non-complex cases. *Georgena Vairo*, Commentary to 28 U.S.C. § 1651, available at: 28 U.S.C. § 1631 (2003 & Supp. 2007). Furthermore, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from enjoining ongoing state proceedings.

Plaintiff maintains that Defendant is effectively asking the California Court to enjoin Plaintiff from continuing the action in this Court. No such relief has been asked of the California Court. Defendant only seeks a stay of this action as permitted by Section 3 of the Federal Arbitration Act. 9 U.S.C. § 3. A motion to stay is simply a request to the Court to exercise its

inherent power to manage its docket for the benefit of the Court and the parties. Defendant has not and is not seeking to divest this Court of jurisdiction nor is defendant trying to defeat or impair the jurisdiction of this court. Defendant has not objected to the Court's jurisdiction.

Nevertheless, the parties have entered into an agreement to arbitrate this dispute. Thus, it is not a question of whether the Court has jurisdiction over the parties, it is a question of the effect of the parties agreement to resolve this matter through arbitration. The only relief asked of the California Court is to uphold the arbitration provision which court's have historically enforced. Furthermore, the California State Court is an appropriate forum for this request insofar as the Agreement provides for arbitration in California, the Agreement was entered into in California, Defendant's sole operations are in California and the equipment at issue in the dispute was at all relevant times located in California.

Plaintiff also argues that since their case was first filed it should proceed and that the later action to compel arbitration, filed by Defendant, should be stayed.[1] *Kline v. Burke Construction Company*, 260 U.S. 226 (1992). As with the cases cited in support of the request for relief under the All Writs Act, Plaintiff's reliance upon *Kline* is misplaced.

In *Kline*, the Court noted:

> "[b]ut a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending."

*Id.* at 230.

Thus, a pending federal court action *in personam* is neither grounds for abating a subsequent action in a state court nor the issuance of an injunction against its prosecution. This

---

[1] Plaintiff intimates that Defendant's request for an extension in which to reply to the Complaint was so Defendant could file its California action. Defendant advised Plaintiff of the arbitration requirement long before the petition to compel was filed. The petition to compel arbitration in California was filed only after Plaintiff refused to abide by the arbitration provision.

matter involves an *in personam* issue and not an *in rem* issue. Consequently, the first filed argument is not applicable.

The cases relied upon by the Plaintiff's under the All Writs Act, Anti-Injunction Act, and principles of comity are all misplaced. This dispute is not the type that has applied the prohibitive prescriptions of the All Writs Act and the Anti-Injunction Act. Therefore, Plaintiff's reliance upon those statutes is misplaced and the request to enjoin Defendant from seeking to compel arbitration must be denied.

## II. PLAINTIFF'S PRAYER FOR LIMITED INJUNCTIVE RELIEF DOES NOT EXEMPT THE ENTIRE COMPLAINT FROM THE AGREEMENT'S MANDATORY ARBITRATION PROVISION

Plaintiff's convenient, yet much beleaguered argument that a single request for injunctive relief contained solely in the prayer for relief exempts its entire complaint from the mandatory arbitration provision contained in the parties' Agreement is unfounded for at least two reasons. First, Plaintiff's replevin claim represents an adequate remedy at law for any claims related to the Database. Second, Plaintiff's syntactical argument in favor of arbitration is, at best, ambiguous. Given the ambiguity, established precedent requires that all claims must be adjudicated through mandatory arbitration, with Plaintiff's prayer for limited injunctive relief being resolved in this Court.

### A.    Plaintiff's Replevin Claim Represents an Adequate Remedy at Law

Plaintiff's Complaint is grounded in factual allegations that Defendant breached its obligations under the Agreement. Notwithstanding the existence of twelve (12) separate counts in its Complaint, Plaintiff does not assert a single count for injunctive relief nor does it seek specific performance. Instead, Plaintiff asserts the legal claim of replevin. Through its replevin claim, Plaintiff seeks the return of the Database which was allegedly wrongly withheld by Defendant. The legal claim of replevin, under the facts alleged in Plaintiff's Complaint, wholly

6

subsumes Plaintiff's conclusory request for a permanent injunction based on its "concern" that Defendant may use information on the Database. *See infra*, III.A.

## B. Plaintiff's Syntactical Analysis of the Arbitration is, at Best, Ambiguous

Plaintiff's suggestion that its entire complaint is exempted from the mandatory arbitration provision based on the arbitration provision's syntax reaches too far. The wording of the arbitration provision just as easily permits a claim-by-claim analysis of arbitrability. Even if the court was constrained to analyze the controversy, Plaintiff's factual allegations plainly set forth a controversy that centers around claims for breach of contract.

Plaintiff's claim that the arbitration provision exempts the entire controversy from arbitration when injunctive relief is requested is an unsubstantiated syntactical argument. The disputed portion of the Agreement's arbitration provision reads as follows:

> Any controversy *or* claim arising out of or related to this Agreement or breach thereof, except when injunctive relief or specific performance is sought, shall be settled by arbitration.

(Agreement at ¶ 14(g)) (*emphasis added*). The word "*or*" is a coordinating conjunction which connects the words "controversy" and "claim," thereby giving them equal importance within the sentence structure. The verb "*arising*," is attributed, therefore, to both "*controversy*" and "*claim*" – both are "*arising*" out of or related to the Agreement or breach thereof. The word "*when*," as it is used here, is an adverb; as such, "*when*" cannot refer to the "entire controversy," as Plaintiff suggests, because adverbs are descriptors for verbs, not nouns. Rather, in this instance, "*when*" refers to the intransitive verb "*arising*." Therefore, the Court can analyze the parties' dispute on a claim-by-claim basis or as an entire controversy.

To the extent there is any doubt as to which syntactical analysis the Court should adopt; the Court's recognition of the ambiguity nature resolves the issue in favor of arbitration. This is true because all ambiguities must be resolved in favor of arbitrability. *See Kerr-McGhee*

*Chemical, LLC v. Kemira Pigments Oy*, 2003 WL 22299045, at *4 (D. Del. Oct. 7, 2003) (citing

*Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793, 798 (10th Cir. 1995)); *see also Ever-*

*Gotesco Resources and Holdings, Inc. v. Pricemart, Inc.*, 192 F. Supp. 2d 1040, 1042-43 (S.D.

Cal. 2002) (holding that despite the parties' labeling of the disputes' nature and language in the

arbitration provision that exempted claims for injunctive relief from arbitration, the court found

that the entire dispute touched upon matters covered by the parties' agreement and were

therefore arbitrable).

Even if the Court reviewed the parties' entire controversy, Plaintiff's Complaint, on its

face, is not a controversy centering on a claim for injunctive relief or specific performance.

Instead, all twelve (12) of Plaintiff's counts address legal issues of replevin, breach of contract

and various tort-based claims.  Further, the Plaintiff has repeatedly averred that this dispute

arises out of the Agreement.

Should the parties' disputes over payment for services and allegations concerning post-

termination performance properly been centered around a claim for injunctive relief or lay the

foundation for a claim for specific performance, Plaintiff's argument might be more tenable.

Nonetheless, based on Plaintiff's misplaced syntactical argument and the showing that Plaintiff's

Complaint touches matters covered by the parties' Agreement, Plaintiff's argument must fail.

## III.    PLAINTIFF'S PRAYER FOR INJUNCTIVE RELIEF PLACES FORM OVER SUBSTANCE

Plaintiff's effort to maintain its claims in this forum by asserting further substantiation of

its request for limited injunctive relief is misplaced.  As described herein, Plaintiff's request for

limited injunctive relief lacks a basis in both fact and law and is, more importantly, grounded in

the parties' larger dispute concerning rights and obligations allegedly owed under the

Agreement.    Accordingly, if Plaintiff's request for limited injunctive relief is not wholly

discarded, it must, nonetheless, be stayed in favor of an adjudication of the parties' claims that are properly subject to resolution through arbitration.

### A. Plaintiff's Request for Limited Injunctive Relief Lacks Merit

Assuming Plaintiff's single prayer for injunctive relief is sufficient to warrant further inquiry concerning arbitrability, the suspect nature of Plaintiff's request, both in law and fact, compels a finding that Plaintiff's request for injunctive relief is nothing more than window dressing. Having waited over seven months to even suggest the possibility of seeking provisional relief from this Court for alleged unlawful use of its Database information, one can easily surmise that Plaintiff's request was asserted merely in an effort to relieve Plaintiff of its obligations to arbitrate the issues presented in its Complaint. Moreover, in spite of seven months of preparation leading to this litigation and Plaintiff's present motion, the only factual basis to support a claim for injunctive relief is an allegation contained in Plaintiff's recent declaration testimony that Defendant's "unfounded claims of ownership of the Database raise <u>concerns</u> that [Defendant] could sell or otherwise disclose sensitive customer information in the Database. (D.I. 9 (John Bialecki Dec. at ¶ 19)) (emphasis added). "[C]oncerns" of inappropriate use of the Database does not provide a sufficient basis to substantiate the threat of immediate, irreparable harm necessary for injunctive relief. Absent a factual predicate to state a cognizable claim for injunctive relief, Plaintiff cannot remove a dispute it acknowledges is subject to mandatory arbitration by asserting a conclusory prayer for limited injunctive relief that lacks a basis in fact. Accordingly, Plaintiff's allegation that its prayer for injunctive relief exempts its entire Complaint from mandatory arbitration must be denied.

### B. The Agreement Contains Express Provisions Addressing Plaintiff's Prayer for Limited Injunctive Relief

Contrary to Plaintiff's arguments, the parties' Agreement speaks directly to the conduct Plaintiff alleges forms the basis for its claim for limited injunctive relief. Through its prayer for

relief, Plaintiff seeks a permanent injunction against Defendant "enjoining and restraining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with it, from any further use of the Database without Plaintiff's express authorization." (Cmpt. p. 20).[2] Although Plaintiff is correct to point out that the injunctive relief exception in the parties' Agreement is not limited to a certain class of claims, Plaintiff, by its own allegations, has specifically limited the claim for injunctive relief to Defendant's threatened use of the Database. As described in Defendant's Opening Brief, the parties' Agreement expressly identifies the remedies available given a non-payment of services by the Plaintiff. Specifically, Plaintiff agreed that Defendant "retains sole discretion to suspend all services, including access to [Plaintiff's] data and Database, in the event that [Plaintiff's] account is not current and will not resume work until [Plaintiff's] account is brought to current terms." (Agreement at ¶ 4(h)(1)).

Plaintiff's attempt to distinguish the *BAE Systems Systems Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581 (D. Del. 2004) decision is similarly misplaced. In *BAE Systems*, as here, the court was presented with an arbitration provision that carved out claims seeking injunctive relief related to purported confidential information. *BAE Systems*, 224 F.R.D. at 586. Contrary to Plaintiff's position, the *BAE Systems* court did find the information that was allegedly unlawfully retained did, "[a]t first glance . . . arguably fit within th[e] broad definition of confidential information, thus permitting the injunctive relief sought." *Id.* at 586. However, the court recognized that when read as a whole, "the contract clearly indicates that, upon termination of the Agreement, [the Defendant] is permitted to utilize [the Plaintiff's] work product to complete work specified in the Agreement." *Id.* Based on these competing contractual claims addressing an entitlement to use the purported confidential information, the

---

[2] As addressed herein, the Plaintiff's other request for injunctive relief requiring Defendant to return the Database is subsumed in Plaintiff's count for replevin.

court concluded that arbitration was the proper forum for resolution of the parties' disputes.  *Id.* at 587.

Plaintiff's Complaint presents a substantially similar set of facts.  Plaintiff admits in its declaration testimony that most, but not all, of the alleged account deficiencies were eventually resolved.  (D.I. 9 (John Bialecki Dec. at ¶ 18)).  Given its admission that there still remains an account deficiency, the parties' Agreement plainly sets forth that Defendant is privileged to exercise its "sole discretion to suspend all services, including access to [Plaintiff's] Data and the Database."  (Agreement at ¶ 4(h)(1)).  Here, as in *BAE Systems*, where the parties' dispute implicates and touches on matters addressed in the underlying Agreement, a resolution of the parties' competing disputes is properly an issue covered by the parties' Agreement and corresponding arbitration requirements.  *BAE Systems*, 224 F.R.D. at 586-87; *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999) (recognizing that when a court is required to analyze whether the arbitration provision covered claims placed at issue in litigation, that the "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability") (citing *Mitsubishi Motors v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 624 n.13 (1985)); *Pricemart*, 192 F. Supp. 2d at 1043 (recognizing that regardless of the parties' labeling of the nature of their dispute, when the court finds that the entire dispute touches matters covered by the parties' agreement and corresponding arbitration provision, the dispute will be submitted to arbitration)).

Moreover, the Court should decline Plaintiff's invitation to rewrite the parties' earlier agreement as to the rights and remedies available to Defendant given Plaintiff's failure to meet its financial obligations under the Agreement.  Indeed, a court should not, "in the guise of interpreting the contract, make for the parties a better agreement than they themselves have been satisfied to make by affording to a party a measure of protection which the contract does not

11

cover." *Palese v. Delaware State Lottery Office*, 2006 WL 1875915 at *4 (Del. Ch. Jun. 29, 2006) (citing *Van Blunt v. Peninsula United Methodist Homes, Inc.*, 1987 WL 7953, at *4 (Del. Ch. Mar. 16, 1987)). Plaintiff's attempt to make a better agreement as to the scope of the arbitration provision and the sole discretion it agreed Defendant would retain under the Agreement must fail. Thus, in keeping with the long standing policy of enforcing agreements to arbitrate, the Plaintiff's request for relief must be denied.

### CONCLUSION

Plaintiff's claims do not satisfy the requirements necessary to invoke the extraordinary remedy of issuing an injunction under the All Writs Act or Anti-Injunction Act. Even a cursory review of the Complaint indicates that Plaintiff's claims arise as a result of an alleged breach of the Fulfillment Services Agreement. The Agreement's arbitration provision mandates that arbitration take place in California. Defendant has timely and properly sought to compel arbitration in California and therefore Plaintiff's request for injunctive relief must be denied. Furthermore, Defendant has demonstrated that a valid arbitration provision is contained within the Agreement, and that this dispute is encompassed within the arbitration provision. Accordingly, Defendant's request to stay this matter pending the arbitration must be granted.

Dated: February 5, 2008

Respectfully submitted,

/s/ Joseph J. Bellew
Joseph J. Bellew (#4816)
David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I, Joseph J. Bellew, do hereby certify that on February 5, 2008, I electronically filed the

foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to

the following counsel of record:

James Michael Lennon, Esquire
Womble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
E-mail: jlennon@wcsr.com

                             */s/ Joseph J. Bellew*
                             Joseph J. Bellew (#4816)
                             Cozen O'Connor
                             1201 North Market Street, Suite 1400
                             Wilmington, DE 19801
                             Telephone: (302) 295-2000
                             Facsimile: (302) 295-2013
                             E-mail: jbellew@cozen.com